IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RNPM, LLC<br>Plaintiff<br>vs<br>LUIS ALDRIN JIMENEZ-LOPEZ<br>Defendant | CIVIL 11-1536CCC |

## JUDGMENT

Upon plaintiff's application for judgment, and it appearing from the records of the above-entitled cause that default was entered by the Clerk of this Court against defendant for his failure to comply with Court orders (see docket entries 18 and 19), against which defendant plaintiff is entitled to a judgment by default, and the Court being fully advised of the facts,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The mortgage constituted by defendant Luis Aldrín Jiménez-López by deed Number 778, before Notary Public Jorge García-Soto, at San Juan, Puerto Rico, on September 22, 2004, securing a mortgage note, payable to the order of FirstBank Puerto Rico further negotiated or endorsed to the order of plaintiff, is a valid and subsisting mortgage and constitutes a lien prior to the estate or interest of defendant in the above cause, on the mortgaged premises, as described in paragraph seventh of the complaint on file in the above cause, to wit:

> **---RUSTICA: Predio de terreno sito en el barrio Cañaboncito del término municipal de Caguas, Puerto Rico, con una cabida de 4.2496 cuerdas, equivalentes a 16,702.5387 metros cuadrados. En lindes por el Norte, con un camino municipal; por el Sur, con la finca principal de la cual originalmente fue segregado; por el este, con la parcela de terreno que por la presente se segrega y por el Oeste, con la finca principal de la cual se segrega.**
>
> **---Inscrita al Folio 82 del Tomo 670 de Caguas, Registro de la Propiedad de Caguas, Sección Primera, Finca 21,682.**

CIVIL 11-1536CCC                                   2

2.     Defendant Luis Aldrín Jiménez-López as debtor under said note and as present owner of the land and buildings hereinbefore referred to, is hereby ordered and adjudged to pay unto plaintiff CitiMortgage, Inc. the sum of $123,096.92 of principal of said mortgage note, plus interest at the rate of 8¼ percent per annum, from April 1, 2010, plus costs, charges, disbursements and attorneys' fees in the amount of $16,000.00, in the above cause, plus all expenses and advances made by the plaintiff.

3.     In default of the payment of the sums hereinbefore specified or of any part thereof, within ten (10) days from the date of entry of this judgment, the mortgaged property described in paragraph one (1) hereof, shall be sold at public auction to the highest bidder therefore, without an appraisal or right of redemption for the payment and satisfaction of plaintiff's mortgage within the limits secured thereby.

4.     **Reinaldo Cestero** is hereby designated and appointed Special Master to make the sale hereinbefore mentioned but said Special Master shall not proceed to carry out said sale, nor do anything in connection therewith, until further order of this Court and under the form and conditions to be directed by the Court.

5.     The sale to be made by the Special Master appointed herein shall be subject to the confirmation of this Court, and the purchaser or purchasers thereof shall be entitled to receive possession of the property sold. The minimum bid to be accepted at the first public sale in accordance with the mortgage deed referred to in this auction is $160,000.00.

6.     Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

(a)     To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the Special Master appointed herein, after said compensation and expenses shall have been fixed and approved by the Court, all said expenses to be deducted from the sum of $16,000.00, provided

CIVIL 11-1536CCC                                    3

in the deed of mortgage for costs, charges and disbursements, expenses and attorneys' fees.

(b)     To the payment of all expenses and advances made by the plaintiff for an amount not to exceed $16,000.00.

(c)     To the payment of that part of the indebtedness owed to plaintiff up to the amount of $123,.096.92 of principal with interest thereon from April 1, 2010, until the date of full payment at the rate of 8 ¼% per annum, plus the balance of the sum of $16,000.00 for costs, charges, disbursements, expenses and attorney's fees due in the above cause, after deduction of the expenses mentioned in the preceding subparagraph (a).

(d)     If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

7.     Plaintiff in this proceeding may apply to this Court for such further orders as it may deem advisable to its interest, in accordance with the terms of this judgment.

SO ORDERED AND ADJUDGED.

At San Juan, Puerto Rico, on July 27, 2012.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge